***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Commission has jurisdiction over the parties and over the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. On February 27, 2006, the employee-plaintiff, Barty Jacobs, was a sole proprietor doing business as Kitchen Gallery.
4. Zurich was the carrier for Barty Jacobs d/b/a Kitchen Gallery on the date of the alleged injury.
5. The employee sustained an alleged injury on or about February 27, 2006.
6. The employee was paid the entire day of the injury.
7. The nature of the alleged injury is to the employee's spine, left hand, left arm, and head.
8. The parties stipulated into evidence as Stipulated Exhibit No. 1, a packet of documents, including all Industrial Commission forms, the workers' compensation and employer's liability policy, Plaintiff's Responses to Defendants' First Set of Interrogatories and Request for Production of Documents, and plaintiff's medical records.
9. The parties stipulated into evidence as Stipulated Exhibit No. 2, workers' compensation policy information.
10. The parties stipulated into evidence as Stipulated Exhibit No. 3, Plaintiff's Responses to Defendants' Discovery Requests. *Page 3 
11. The parties stipulated into evidence as Stipulated Exhibit No. 4, an Accident Report.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 52 years old at the time of the hearing before the Deputy Commissioner. He is the owner/sole proprietor of Barty Jacobs d/b/a Kitchen Gallery. Plaintiff has been sole proprietor exclusively since 1997. In connection with plaintiff's business, he obtained a workers' compensation policy through Nationwide in 2002. Plaintiff testified that he moved his office to Leland, North Carolina in 2005 and obtained another workers' compensation policy at that point.
2. Barty Jacobs d/b/a Kitchen Gallery performed subcontracting and construction work. As of February 27, 2006, plaintiff owned the business. On February 27, 2006, plaintiff was involved in an automobile accident in Southport, North Carolina in connection with his subcontracting and construction business.
3. Plaintiff procured workers' compensation insurance coverage for his business, Barty Jacobs d/b/a Kitchen Gallery, through J. J. Clark and Associates in Charlotte, North Carolina. J. J. Clark and Associates sells insurance, including workers' compensation policies, and places clients with particular insurers. Mr. John Holmes, Jr. is an insurance agent with J. J. Clark and Associates. Mr. Holmes assisted plaintiff in obtaining workers' compensation insurance coverage for Barty Jacobs d/b/a Kitchen Gallery through defendant-carrier.
4. The workers' compensation policy in place for Barty Jacobs d/b/a Kitchen Gallery on February 27, 2006 was a standard workers' compensation insurance policy. Throughout the policy, plaintiff was listed as sole proprietor. The policy contains no *Page 4 
representation that plaintiff, as a sole proprietor, would be covered under the workers' compensation policy. The policy makes no reference to plaintiff individually. Further, the policy includes no indication within the policy or any attachment thereto that plaintiff, as a sole proprietor, elected workers' compensation coverage for himself. The information page was not countersigned by an authorized representative.
5. Plaintiff initially contacted J. J. Clark and Associates by requesting an insurance quote via internet advertising. J. J. Clark and Associates commonly advertises over the internet. The initial internet request indicated plaintiff, as a sole proprietor, was not covered under the workers' compensation policy.
6. Mr. Holmes initially corresponded with plaintiff via email, then engaged in subsequent telephone conversations with plaintiff. In connection with the application process, plaintiff provided Mr. Holmes the following documents: 1) a W-9 form verifying plaintiff's status as a sole proprietor and plaintiff's social security number; 2) an Auto Owner's declaration page for commercial auto insurance also identifying plaintiff's sole proprietorship; and 3) Declaration Pages from plaintiff's Nationwide Business owner's Policy which plaintiff held previously. Plaintiff also provided J. J. Clark and Associates with payroll information indicating Barty Jacobs d/b/a Kitchen Gallery's employee payroll totaled $10,000.00.
7. During discussions with Mr. Holmes regarding his options for insurance coverage, plaintiff requested the minimum requirements for workers' compensation insurance coverage in North Carolina. Specifically, plaintiff faxed a request on November 17, 2005 requesting "Installer Workers' Comp." for an installer employee who earned $10,000.00. Plaintiff also inquired about the possibility of obtaining a ghost policy for an uninsured part-time employee earning $10,000.00 per year. Mr. Holmes advised plaintiff of his options. *Page 5 
8. Plaintiff decided to purchase insurance coverage for his employee earning $10,000.00 and to exclude himself from coverage. Mr. Holmes specifically advised plaintiff that, under this option, plaintiff would be excluded from coverage. Mr. Holmes then sent an insurance quote to plaintiff for review. Plaintiff testified, and the Full Commission finds as fact, that neither J. J. Clark nor defendant-carrier advised him that he would be covered individually as a sole proprietor under the workers' compensation policy for Barty Jacobs d/b/a Kitchen Gallery.
9. In the year prior to plaintiff's February 27, 2006 automobile accident, plaintiff's personal earnings as a sole proprietor of Barty Jacobs d/b/a Kitchen Gallery totaled $50,800.00. The premiums for the workers' compensation policy for Barty Jacobs d/b/a Kitchen Gallery were based on payroll reporting of $10,000.00, the wages of plaintiff's installer employee. Plaintiff did not report his individual earnings for consideration in obtaining a workers' compensation policy. The workers' compensation insurance premiums for Barty Jacobs d/b/a Kitchen Gallery, therefore, were not based in any part on plaintiff's individual income.
10. The North Carolina Rate Bureau sets minimum payroll limits for an individual or sole proprietor to elect workers' compensation insurance coverage. In 2005 to 2006, in order to obtain workers' compensation coverage, a sole proprietor must have been able to show that his payroll was at least $32,700.00. The minimum limits for plaintiff's workers' compensation policy, had plaintiff elected to be covered, were $42,700.00. This amount would consist of $32,700.00 payroll for plaintiff as a sole proprietor and $10,000.00 payroll for the installer.
11. Ms. Gail McCormick is a commercial lines underwriter with defendant-carrier. As a commercial lines underwriter, Ms. McCormick reviews policy requests that are sent by insurance agents for review and evaluates the requests to determine whether defendant-carrier *Page 6 
should provide coverage for the particular applicant. In processing an insurance application, insurance agents, such as Mr. Holmes, gather information from the potential insured, input the information into a computer system, and obtain a quote. If additional information is required in order to finalize the quote, an automatic "hold" is placed on the application and an underwriter such as Ms. McCormick will review the request and address the situation which necessitated an automatic hold.
12. Ms. McCormick and Mr. Holmes testified, and the Full Commission finds as fact that, a sole proprietor is automatically excluded from coverage in North Carolina. Pursuant to N.C. Gen. Stat. § 97-2(2), if a sole proprietor elects to be covered under a Workers' Compensation policy, he must notify the insurer. The Plaintiff never notified the insurer that he wanted to be covered by the policy in question.
13. When a policy is issued with a request to include a potential insured who is normally excluded from coverage, such as a sole proprietor in North Carolina, an election form for the insured to complete is attached to the policy and forwarded to the insured. The insured is then instructed to complete the election form and return the documentation to the carrier.
14. As plaintiff, a sole proprietor, did not elect to obtain insurance coverage for himself, none of these actions were taken in this case. Ms. McCormick did not become involved with approving the workers' compensation insurance policy of Barty Jacobs d/b/a Kitchen Gallery, because plaintiff did not elect to include himself in the workers' compensation insurance coverage.
15. As a result of plaintiff's motor vehicle accident, plaintiff sustained an injury to his cervical spine. Plaintiff filed a third-party complaint against Grace C. Barwick and State Farm Insurance Company as a result of the motor vehicle accident. Plaintiff underwent treatment *Page 7 
including cervical spine surgery performed by Dr. Thomas Melin on May 26, 2006. On February 5, 2007, Dr. Melin released plaintiff to return to work without restrictions and released plaintiff from his care. Since February 5, 2007, plaintiff has not returned to Dr. Melin for treatment. Plaintiff returned to work in February of 2007. Plaintiff has a 35% PPD rating to his back.
16. The workers' compensation policy in effect from 2005 to 2006 for Barty Jacobs d/b/a Kitchen Gallery was a standard policy. The policy contains no language to change the general rule that a sole proprietor is automatically excluded from workers' compensation coverage unless he makes an affirmative election to be included. In the workers' compensation policy at issue in this case, numerous references are made to plaintiff's business, Barty Jacobs d/b/a Kitchen Gallery, a sole proprietorship. No references are made to plaintiff individually or as an employer.
17. Mr. John Holmes, Jr., insurance agent with J. J. Clark 
Associates, testified that plaintiff was not covered under the workers' compensation policy in question. Mr. Holmes testified that plaintiff inquired about the availability of a ghost policy but never indicated any desire to be included under the policy. Mr. Holmes testified that the minimum payroll amount for an owner or sole proprietor on a workers' compensation policy in 2005 and 2006 was $32,700.00. Mr. Holmes further testified that he never made any representation to plaintiff that he was covered under the workers' compensation policy. The Full Commission finds Mr. Holmes' testimony credible in this regard.
18. Ms. Gail McCormick, commercial lines underwriter for Zurich, testified that the workers' compensation policy in effect at the time of plaintiff's February 27, 2006 incident was a standard policy written by Zurich. Ms. McCormick testified that plaintiff was not an "employer" *Page 8 
under the policy, but instead was a "sole proprietor." Ms. McCormick testified that plaintiff represented himself to be a sole proprietor and, therefore, was automatically excluded from coverage unless he elected to be included. Ms. McCormick testified that there is no additional information required when a sole proprietor is excluded from the policy, because an exclusion is automatic unless a sole proprietor elects to be insured. Ms. McCormick further testified that, had plaintiff elected to be included in workers' compensation coverage, his premiums would have been higher. Ms. McCormick testified that, when a sole proprietor in North Carolina requests to be included on a policy with defendant-carrier, a "hold" will be placed on that application so that an underwriter, such as Ms. McCormick, can verify the sole proprietor has separate personal medical insurance. Ms. McCormick testified that plaintiff was not covered under the workers' compensation policy at issue in this case. The Full Commission finds Ms. McCormick's testimony to be credible in this regard.
19. Plaintiff likewise testified that he did not ask defendant-carrier or J. J. Clark Associates, his agent, to be included under Barty Jacobs d/b/a Kitchen Gallery's workers' compensation policy. There is also no evidence that any party involved made any representations to plaintiff to give him the impression that he was covered under the workers' compensation policy in question.
20. Based upon the competent and credible evidence of record in this case, the Full Commission finds that plaintiff was not covered under the workers' compensation policy with defendant-carrier.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 9 
 CONCLUSION OF LAW
1. As a sole proprietor who did not take affirmative steps to be included under the policy in question, plaintiff was not covered under the workers' compensation policy of defendant-carrier at the time of his injury. N.C. Gen. Stat. § 97-2(2).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim under the law must be, and is hereby, DENIED.
2. Each side shall bear its own costs, except the Defendants shall pay an expert witness fee of $525.00 to Dr. Thomas E. Melin, if not already paid by prior order.
This 17th day of July 2008.
 S/___________________
 CHRISTOPHER SCOTT
 COMMISSIONER
CONCURRING:
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________ PAMELA T. YOUNG COMMISSIONER *Page 1